IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| QUINCY DEON DENBY, ) | |
|     ID # 49552-177, ) | |
|        Movant, ) | |
| ) | No. 3:18-CV-1756-D-BH |
| vs. ) | No. 3:15-CR-226-D(15) |
| ) | |
| UNITED STATES OF AMERICA, ) | |
|        Respondent. ) | Referred to U.S. Magistrate Judge[1] |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Before the Court is the movant's *Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody*, received on July 3, 2018 (doc. 1). Based on the relevant filings and applicable law, the motion should be **DENIED** with prejudice.

**I.     BACKGROUND**

Quincy Deon Denby (Movant) challenges his federal conviction and sentence in Cause No. 3:15-CR-226-D(15). The respondent is the United States of America (Government).

**A.     Conviction and Sentencing**

After he and several co-defendants were charged by indictment, Movant was charged by superseding indictment on December 15, 2015, with one count of conspiracy to distribute a controlled substance in violation of 28 U.S.C. § 846 (Count Two). (*See* docs. 1, 276.)[2] He pled guilty to that charge on March 17, 2017, under a plea agreement. (*See* docs. 663, 643.)

In his plea agreement, Movant stated that he understood and waived his rights to plead not guilty, to have a trial by jury, to have his guilt proven beyond a reasonable doubt, to confront and

---

[1] By *Special Order No. 3-251*, this habeas case has been automatically referred for findings, conclusions, and recommendation.

[2] Unless otherwise indicated, all document numbers refer to the docket number assigned in the underlying criminal action, 3:15-CR-226-D(15).

cross-examine witnesses, to call witnesses, and to not be compelled to incriminate himself. (*See* doc. 643 at 1.)[3] He agreed that the factual resume he signed was true and would be submitted as evidence. (*See id.*) The plea agreement set out the range of punishment and included a sentencing agreement provision under Federal Rule of Criminal Procedure 11(c)(1)(C). (*See id.* at 2.) Under the sentencing agreement provision, the parties agreed that the appropriate term of imprisonment was 37 months. (*See id.*) The provision was binding on the Court if it accepted the plea agreement. (*See id.*). Other than the agreed term of imprisonment, Movant understood that the Court remained free to determine the sentence it deemed appropriate under the federal sentencing guidelines. (*See id.*) He had reviewed all legal and factual aspects of the case with counsel and believed that it was in his best interest to plead guilty. (*See id.* at 4-5.) The guilty plea was freely and voluntarily made and not the result of force, threats, or promises apart from those included in the plea agreement. (*See id.* at 4.) He waived his right to appeal and to contest his conviction and sentence in a collateral proceeding, except in limited circumstances set out in the plea agreement. (*See id.*) In exchange, the Government agreed not to bring any additional charges against him based on the conduct underlying and related to his guilty plea. (*See id.* at 3.)

At his re-arraignment on March 17, 2017, Movant acknowledged under oath that he had read the factual resume carefully and discussed it with counsel, that he had committed each of the essential elements of the offense, and that the stipulated facts were true and correct. (*See* doc. 790 at 15-17.) He also acknowledged that he understood the rights he was giving up by pleading guilty, and that he was waiving his right to appeal except in very limited circumstances. (*See id.* at 14.) He acknowledged his understanding that if the Court accepted the plea agreement, his sentence would include a term of imprisonment of 37 months; he understood that the agreement for a

---

[3] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

specific sentence for the term of imprisonment did not apply to any other penalties for the offense. (*See id.* at 7-9, 11.) He acknowledged that no one had made any specific prediction or promise about what his sentence would be other than the 37-month agreed sentence, that the Court alone would decide the remaining parts of the sentence, and that he was not pleading guilty based on any promises by anyone other than those in the plea agreement. (*See id.* at 7, 13.) He pled guilty, and the Court found that his guilty plea was knowing and voluntary. (*See id.* at 15, 17.)

On May 19, 2017, the United States Probation Office (USPO) prepared a Presentence Investigation Report (PSR). (*See* doc. 699-1.) The USPO obtained information relating to the background and Movant's role in the charged offense from the indictment, Movant's factual resume, investigative materials from the FBI and local law enforcement, and interviews with an FBI agent and a local police detective. (*See id.* at ¶ 13.) Based on this information, the PSR noted that a search of Movant's vehicle following his arrest for the charged offense uncovered a loaded handgun and $620, , which was seized as drug proceeds. (*See id.* at ¶ 17.) The PSR also noted that in September 2016, a reliable and credible cooperating source who had observed Movant distribute, supply, and deliver cocaine, advised agents that Movant routinely carried a handgun for protection in 2014. (*See id.* at ¶ 18.)

The PSR applied the 2016 United States Sentencing Guidelines Manual, and after applying the applicable drug quantity table under U.S.S.G. § 2D1.1(c)(8), it calculated a base offense level of 24. (*See id.* at ¶¶ 26, 27.) Two levels were added based on Movant's possession of dangerous weapons, i.e., a firearm, under U.S.S.G. § 2D1.1(b)(1). (*See id.* at ¶ 28.) Three levels were deducted for acceptance of responsibility, resulting in a total offense level of 23. (*See id.* at ¶¶ 34-36.) Based on a criminal history category of I and a total offense level of 23, the resulting guideline range was 46-57 months. (*See id.* at ¶ 76.) Movant objected to the PSR on June 2, 2017,

challenging the two-level increase for possession of a dangerous weapon. (*See* doc. 714.) On June 12, 2017, the USPO submitted an addendum to the PSR addressing Movant's objection; it found that no changes to the PSR were warranted, but acknowledged that the resulting guideline range would become 37-46 months if the objection was sustained. (*See* doc. 715-1.)

At the sentencing hearing on June 30, 2017, the Court addressed the Rule 11(c)(1)(C) sentencing agreement provision before taking up Movant's objection to the PSR based on the understanding that acceptance of the plea agreement would render the objection moot. (*See* doc. 791 at 3-4.) The Court accepted the plea agreement with its agreed sentence of 37 months' imprisonment. (*See id.* at 4.) Movant's counsel agreed with the Court that the objection to the PSR was moot as a result of the agreed sentence under the plea agreement, and he withdrew the objection. (*See id.*) By judgment dated June 30, 2017, Movant was sentenced to 37 months' imprisonment, to be followed by a three-year term of supervised release. (*See* doc. 727 at 1-3.) He was also ordered to pay a $100 assessment. (*See id.* at 6.) Movant did not appeal his conviction or sentence.

On March 24, 2020, Movant was released from the custody of the Bureau of Prisons to begin serving his term of supervised release. *See* Federal Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited April 23, 2021).

**B.   Substantive Claims**

Movant's § 2255 motion states the following grounds for relief:

(1) Counsel of record rendered ineffective assistance of counsel [when he] . . . (1) Failed to argue during the Rule 11 Hearing, that a weapon was not part of the factual basis for the inducement to enter a plea of guilty[;] (2) Failed to file any timely written objections to the [PSR] and object to the two-level addition to his offense level for the possession of a weapon[ ] under U.S.S.G. § 2D1.1[ ] (b)(1);

(2) Counsel of record rendered ineffective assistance of counsel by failing to object

to the two-level enhancement.

(No. 3:18-CV-1756-D-BH, doc. 1 at 4-5.)  On September 4, 2018, the Government filed a response.  (*See id.*, doc. 5.)  Movant filed a reply on September 17, 2018.  (*See id.*, doc. 6.)

## II.  SCOPE OF RELIEF UNDER § 2255

"Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice."[4]  *United States v. Gaudet*, 81 F.3d 585, 589 (5th Cir. 1996) (citations and internal quotation marks omitted). It is well-established that "a collateral challenge may not do service for an appeal." *United States v. Shaid*, 937 F.2d 228, 231 (5th Cir. 1991) (en banc) (quoting *United States v. Frady*, 456 U.S. 152, 165 (1982)).

A failure to raise a claim on direct appeal may procedurally bar an individual from raising the claim on collateral review. *United States v. Willis*, 273 F.3d 592, 595 (5th Cir. 2001). Defendants may only collaterally attack their convictions on grounds of error omitted from their direct appeals upon showing "cause" for the omission and "actual prejudice" resulting from the error. *Shaid*, 937 F.2d at 232.  However, "there is no procedural default for failure to raise an ineffective-assistance claim on direct appeal" because "requiring a criminal defendant to bring [such] claims on direct appeal does not promote the[ ] objectives" of the procedural default doctrine, "to conserve judicial resources and to respect the law's important interest in the finality of judgments." *Massaro v. United States*, 538 U.S. 500, 503-04 (2003). The Government may also waive the procedural bar defense. *Willis*, 273 F.3d at 597.

---

[4] Although Movant was released from BOP custody while his motion was pending, the "in custody" determination under Section 2255 is made at the time the habeas motion is filed.  *See Pack v. Yusuff*, 218 F.3d 448, 454 n.5 (5th Cir. 2000).  Movant's term of supervised release also satisfies the "in custody" requirement under Section 2255, despite his release.  *See id.*

### III. INEFFECTIVE ASSISTANCE OF COUNSEL

The Sixth Amendment to the United States Constitution provides, in relevant part, that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defense." U.S. CONST. amend. VI. It guarantees a criminal defendant the effective assistance of counsel, both at trial and on appeal. *Strickland v. Washington*, 466 U.S. 668, 686 (1984); *Evitts v. Lucey*, 469 U.S. 387, 396 (1985). To successfully state a claim of ineffective assistance of counsel, the movant must demonstrate that counsel's performance was deficient and that the deficient performance prejudiced his defense. *Strickland*, 466 U.S. at 687. A failure to establish either prong of the *Strickland* test requires a finding that counsel's performance was constitutionally effective. *Id.* at 697. The Court may address the prongs in any order. *Smith v. Robbins*, 528 U.S. 259, 286 n.14 (2000).

In determining whether counsel's performance is deficient, courts "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689. "The reasonableness of counsel's actions may be determined or substantially influenced by the defendant's own statements or actions." *Id.* at 691. To establish prejudice, a movant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694; *see Williams v. Taylor*, 529 U.S. 362, 393 n.17 (2000) (inquiry focuses on "whether counsel's deficient performance renders the result of the trial unreliable or the proceeding fundamentally unfair."). Reviewing courts must consider the totality of the evidence before the finder of fact in assessing whether the result would likely have been different absent counsel's alleged errors. *Strickland*, 466 U.S. at 695-96.

A.     **Failure to Argue Factual Basis at Rule 11 Colloquy**

Movant first argues that counsel rendered ineffective assistance when he "[f]ailed to argue during the Rule 11 hearing, that a weapon was not part of the factual basis for the inducement to enter a plea of guilty." (No. 3:18-CV-1756-D-BH, doc. 1 at 4.)

In support of his guilty plea, Movant signed a factual resume that he agreed was true and would be submitted as evidence. (*See* doc. 643 at 1; doc. 644.) In it, he stipulated that from 2013 until the indictment in the underlying criminal case, he possessed with intent to distribute cocaine, distributed cocaine to customers in exchange for payment, and used his cell phone to discuss, negotiate, and facilitate drug transactions with co-conspirators. (*See* doc. 644 at 2.) He also admitted to his involvement in a specific drug transaction with a co-conspirator on September 11, 2014, and stipulated to a quantity of 500 grams of a mixture or substance containing cocaine during the period of the conspiracy. (*See id.* at 2-3.) The factual resume did not include any references to a dangerous weapon.[5] (*See generally id.*) His plea agreement was also silent on any dangerous weapon. (*See* doc. 643.) During his plea colloquy with the Court, Movant testified under oath that the stipulated facts in the factual resume were true and correct. (*See* doc. 790 at 17.) The record shows that a dangerous weapon or firearm was not mentioned in connection with Movant's guilty plea. (*See generally id.*) Movant testified that no one had made any specific prediction or promise about what his sentence would be other than the 37-month agreed sentence of imprisonment, and that he was not pleading guilty based on any promises by anyone other than those in the plea agreement. (*See id.* at 7, 13.)

Movant failed to allege how counsel's failure to argue that a weapon was not part of the factual basis to induce his guilty plea constituted deficient performance. The record and plea

---

[5] The Government acknowledged that Movant's "factual resume did not mention the gun he possessed at the time of his arrest or his use or possession of any dangerous weapon." (doc. 5 at 7.)

7

documents plainly show that neither the parties nor the Court mentioned or considered a dangerous weapon or firearm as part of the basis for the guilty plea. The argument would have been frivolous, so counsel was not deficient for failing to raise it at the Rule 11 hearing. *See United States v. Kimler*, 167 F.3d 889, 893 (5th Cir. 1999) ("An attorney's failure to raise a meritless argument thus cannot form the basis of a successful ineffective assistance of counsel claim because the result of the proceeding would not have been different had the attorney raised the issue."); *Sones v. Hargett*, 61 F.3d 410, 415 n.5 (5th Cir. 1995) ("Counsel cannot be deficient for failing to press a frivolous point."). Nor has Movant alleged how the failure to raise the argument prejudiced him. He is not entitled to relief on this conclusory claim, and it should be denied. *See Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000) (holding that "conclusory allegations of ineffective assistance of counsel do not raise a constitutional issue in a federal habeas proceeding.").

**B.     Failure to File Timely Objections to PSR**

In his first ground, Movant also argues that counsel rendered ineffective assistance because he "[f]ailed to file any timely objections to the [PSR]." (*See* No. 3:18-CV-1756-D, doc. 1 at 4.)

Under Federal Rule of Criminal Procedure 32(f), "[w]ithin 14 days after receiving the [PSR], the parties must state in writing any objections, including objections to material information, sentencing guideline ranges, and policy statements contained in or omitted from the [PSR]." Fed. R. Crim. P. 32(f)(1). Here, the USPO issued the PSR on May 19, 2017. (*See* doc. 699-1.) Movant's counsel filed written objections to the PSR 14 days later, on June 2, 2017. (*See* doc. 714.) Because counsel timely filed objections to the PSR under Rule 32(f), Movant's claim is without merit and should be denied.

**C.     Failure to Object to PSR Enhancements**

In both his first and second grounds, respectively, Movant argues that his counsel was

8

ineffective because he failed to "object to the two-level addition to his offense level for the possession of a weapon [ ] under U.S.S.G. § 2D1.1[ ](b)(1)," and to "object to the two-level enhancement for weapon under USSG § 2D1.1(b)(1)." (No. 3:18-CV-1756-D-BH, doc. 1 at 4-5.)

Here, counsel expressly objected "to the 2-level possession of a dangerous weapon enhancement contained in USSG § 2D1.1(b)(1)", and argued that the PSR did not: (1) establish a temporal and spatial nexus between Movant, the weapon, and the charged offense; and (2) base the enhancement on any co-conspirator's reasonably foreseeable possession of a weapon. (*See* doc. 714 at 1-4.) The USPO submitted an addendum to the PSR addressing counsel's objection to the two-level enhancement. (*See* doc. 715-1.) Because the record establishes that counsel objected to the two-level increase to Movant's base offense level for possession of a dangerous weapon under U.S.S.G. § 2D1.1(b)(1), Movant is not entitled to § 2255 relief on this claim.

In his reply, Movant appears to concede that counsel timely objected to the two-level enhancement for possession of a firearm, and instead argues that allowing "the two-level enhancement to remain intact without arguing the factual basis for the timely Rule 32 objection and, thus, conceding [Movant's] guilt over his intransigent objection was clearly deficient." (No. 3:18-CV-1756-D-BH, doc. 6 at 2.) He alleges that "[t]here was sufficient cause to question the credibility of the two confidential informants' statements, and [Movant] had never been in possession of the firearm when he possessed any drugs . . . . [and] the $620 in his possession at the time of his arrest was not a substantial amount of money supporting the notion those funds were from a recent drug sale." (*Id.*)

Assuming for purposes of this motion only that counsel rendered deficient performance by failing to pursue the objection to the PSR's two-level enhancement for possession of a dangerous weapon during sentencing, deficient performance alone is insufficient to establish relief under §

9

2255. *Strickland* also requires a showing of resulting prejudice. To show prejudice in the sentencing context, a movant must demonstrate that the alleged deficiency of counsel created a reasonable probability that his or her sentence would have been less harsh. *See Glover v. United States*, 531 U.S. 198, 200 (2001) (holding "that if an increased prison term did flow from an error [of counsel] the petitioner has established *Strickland* prejudice."). "[A]ny [increase in] actual jail time has Sixth Amendment significance" for purposes of establishing *Strickland* prejudice. *Id.* at 203. One cannot satisfy the second prong of *Strickland* with mere speculation and conjecture. *See Bradford v. Whitley*, 953 F.2d 1008, 1012 (5th Cir. 1992). Moreover, conclusory allegations are insufficient to obtain relief. *United States v. Woods*, 870 F.2d 285, 288 n.3 (5th Cir. 1989); *United States v. Daniels*, 12 F. Supp. 2d 568, 575-76 (N.D. Tex. 1998); *see also Miller*, 200 F.3d at 282.

Here, the applicable guideline range under the PSR was 46-57 months. (*See* doc. 699-1 at ¶ 76.) Had counsel pursued Movant's objection to the two-level enhancement for possession of a firearm, and the Court sustained it, the applicable guideline range would have been 37-46 months. (*See* doc. 714 at 4; doc. 715-1 at 2.) In his plea agreement, however, Movant agreed to a sentence of 37 months, which the Court would be bound to impose if it accepted the plea agreement. (*See* doc. 643 at 2.) The Court accepted the plea agreement and sentenced Movant to 37 months' imprisonment. (*See* doc. 791 at 4, 13; doc. 727.) Based on the acceptance of the plea agreement, counsel agreed that the objection was moot and withdrew it. (*See* doc. 791 at 3-4.) Because the 37-month sentence of imprisonment was binding on the Court once it accepted the plea agreement, and because the lowest guideline sentence would have been 37 months' imprisonment had counsel prevailed on the objection,[6] Movant has not demonstrated a reasonable probability that the

---

[6] Movant does not allege, and the record does not support, that the Court would have considered a sentence below the guideline range.

10

sentence would have been less harsh but for counsel's deficient performance. His conclusory allegations to the contrary are insufficient to satisfy the second prong of *Strickland*. *See Woods*, 870 F2d at n.3; *Daniels*, 12 F. Supp. 2d at 575-76; *Miller*, 200 F.3d at 382.

To the extent Movant argues that he was prejudiced because he would have qualified for a 12-month sentence reduction under 18 U.S.C. § 3621(e)(2)(B) for completion of the BOP's Residential Drug Treatment Program (RDAP) if not for the two-level enhancement for possession of a dangerous weapon, his claim fails.[7] (*See* No. 3:18-CV-1756-D, doc. 1 at 5; doc. 6 at 2-3.) For purposes of *Strickland* prejudice, "'[a]ctual jail time' does not include mere eligibility for consideration for early release[.]" *United States v. Walker*, Nos. 1:18cr167-HSO-JCG-1, 1:20cv117-HSO, 2020 WL 4809449, at *4 (S.D. Miss. Aug. 18, 2020) (comparing *Glover*, 531 U.S. at 209 (finding that the defendant was prejudiced when he was sentenced under the incorrect guideline range based on an elevated offense level due to his counsel's erroneous sentencing calculation) with *Hill v. Lockhart*, 474 U.S. 52, 60 (1985) (holding that defendant was not prejudiced by counsel's erroneous advice about parole eligibility)) (other citations omitted). Movant does not challenge the agreed 37-month term of imprisonment. (*See* doc. 643 at 2.) If counsel had prevailed on the objection, the only alleged change to his sentence would have been his qualification for a discretionary sentence reduction by the BOP under 18 U.S.C. § 3621(e), not a lower sentence as is required to demonstrate prejudice under *Strickland*.[8] *See Glover*, 531 U.S. at 200; *United States v. Grammas*, 376 F.3d 433, 439 (5th Cir. 2004).

---

[7] Under 18 U.S.C. §3621, the BOP "shall make available appropriate substance abuse treatment for each prisoner the [BOP] determines has a treatable condition of substance addiction or abuse." 18 U.S.C. § 3621(b). As an incentive for successful completion of RDAP under § 3621, "[t]he period a prisoner convicted of a nonviolent offense remains in custody after successfully completing a treatment program may be reduced by the [BOP], but such reduction may not be more than one year from the term the prisoner must otherwise serve." 18 U.S.C. § 3621(e).

[8] Movant admits that the Court does not have the "authority to order the [BOP] to make a defendant eligible for [RDAP]." (doc. 6 at 2.)

Because Movant has not shown that his sentence would have been lower than the agreed 37 months' imprisonment that was binding on the Court upon its acceptance of the plea agreement if counsel had prevailed on the objection to the two-level enhancement, and because his alleged qualification for a one-year sentence reduction from participation in RDAP does not amount to a decrease in actual jail time, Movant has not demonstrated prejudice under *Strickland*. He is therefore entitled to no § 2255 relief on this claim, and it should be denied.

**D.     Failure to Seek Stipulation in Plea Agreement**

In his second ground, Movant argues that his counsel was ineffective for failing to seek a stipulation in the plea agreement to not include a weapon enhancement. (*See* No. 3:18-CV-1756-D-BH, doc. 1 at 5.) He claims "[t]here is a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different. And Movant would of [sic] qualified for the 1 YR sentence reduction under the RDAP." (*Id.*)

"'[T]he negotiation of a plea bargain is a critical phase of litigation for the purposes of the Sixth Amendment right to effective assistance of counsel.'" *United States v. Reed*, 719 F.3d 369, 373 (5th Cir. 2013) (quoting *Padilla v. Kentucky*, 559 U.S. 356, 373 (2010)). "When considering whether to plead guilty or proceed to trial, a defendant should be aware of the relevant circumstances and the likely consequences of his decision so that he can make an intelligent choice." *Id.* (quoting *United States v. Rivas-Lopez*, 678 F.3d 353, 356-57 (5th Cir. 2012)).

Even assuming for purposes of this motion only that counsel rendered deficient performance in failing to obtain a stipulation in the plea agreement regarding a weapon enhancement, Movant must also show prejudice under *Strickland*. To demonstrate prejudice in the context of plea negotiations, he must show a reasonable probability that "the outcome of the plea process would have been different with competent advice." *Lafler v. Cooper*, 566 U.S. 156,

163 (2012) (citing *Missouri v. Frye*, 566 U.S. 134, 148 (2012)). When a movant claims that "ineffective assistance led to the improvident acceptance of a guilty plea," he must show that, but for counsel's deficient performance, there is a reasonable probability that he "'would not have pleaded guilty and would have insisted on going to trial.'" *Id.* (quoting *Hill*, 474 U.S. at 59).

Here, Movant has not shown prejudice. Although he claims that his plea agreement should have included an additional stipulation to exclude a weapon enhancement, which he alleges would have qualified him for "the 1 YR sentence reduction" under the RDAP, he has failed to demonstrate that the Government was willing to negotiate on this stipulation. (doc. 1 at 5.) Nor has he demonstrated a reasonable probability he would not have pleaded guilty and would have chosen to proceed to trial.[9] His conclusory statement that "[t]here is a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different[,]" is insufficient to establish prejudice. (doc. 1 at 5); *see also Miller*, 200 F.3d at 282 ("conclusory allegations of ineffective assistance of counsel do not raise a constitutional issue in a federal habeas proceeding"). Additionally, to the extent he claims there is a reasonable probability he would have qualified for a one-year sentence reduction if not for counsel's alleged deficient performance, his "mere eligibility for consideration for early release" is insufficient to establish *Strickland* prejudice because he has failed to demonstrate that his agreed sentence of imprisonment would have been lower, as discussed. *Walker*, 2020 WL 4809449, at *4.

Movant has not shown that he is entitled to § 2255 relief on this claim, and it should be denied.

---

[9] Although Movant claims that "[e]ven with the two-level enhancement reflected in the PSR, the Court was inclined to provide [Movant] a probated sentence without the Government's insistence on a term of imprisonment," the record does not support his allegation. (doc. 6 at 4.) At the sentencing hearing, the Court accepted the plea agreement and the agreed sentence of imprisonment of 37 months. (*See* doc. 791 at 4.) In response to counsel's request that Movant's sentence be served "in a probated type of sentence," the Court confirmed that, "having accepted the plea agreement, it is an imprisonment sentence, not a probated type sentence." (*Id.* at 5.) The Court did not state that it was inclined to issue a probated sentence.

### IV.   EVIDENTIARY HEARING

No evidentiary hearing is required when "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). A movant "is entitled to an evidentiary hearing on his § 2255 motion only if he presents 'independent indicia of the likely merit of [his] allegations.'" *United States v. Reed*, 719 F.3d 369, 373 (5th Cir. 2013) (citation omitted); *see United States v. Cervantes,* 132 F.3d 1106, 1110 (noting that "[i]f the defendant produces independent indicia of the likely merit of her allegations, typically in the form of one or more affidavits from reliable third parties, she is entitled to an evidentiary hearing on the issue.").

Here, Movant has failed to demonstrate the existence of a factual dispute that creates a genuine issue. He also has failed to come forward with independent indicia in support of the likely merit of his claims. *See Reed*, 719 F.3d at 373. He has therefore failed to demonstrate he is entitled to an evidentiary hearing on any of his claims.

### V.   RECOMMENDATION

The movant's *Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody*, received on July 3, 2018 (doc. 1), should be **DENIED** with prejudice.

**SIGNED this 26th day of April, 2021.**

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE